

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00328-CV

ANGELO MOSES AND TIFFANY
MOSES

APPELLANTS

V.

SIX FLAGS ENTERTAINMENT
CORP.; SIX FLAGS THEME
PARKS, INC.; SIX FLAGS OVER
TEXAS, INC.; AND TEXAS FLAGS,
LTD.

APPELLEES

----------

### FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 096-279625-15

----------

## MEMORANDUM OPINION[1]

----------

Appellants Angelo Moses and Tiffany Moses attempt to appeal the trial

court's denial of their motion to quash Appellees Six Flags Entertainment Corp.;

Six Flags Theme Park, Inc.; Six Flags Over Texas, Inc.; and Texas Flags, Ltd.'s

[1]See Tex. R. App. P. 47.4.

notices of intention to take their depositions and the trial court's denial of their motion for modification of local civil rule 3.11(a)(1).

By letter dated September 28, 2017, we notified Appellants of our concern that this court lacks jurisdiction over this appeal because the trial court's order does not appear to be a final judgment or an appealable interlocutory order. We notified Appellants that their appeal could be dismissed based on our lack of jurisdiction unless they or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal by October 9, 2017. *See* Tex. R. App. P. 42.3(a), 44.3.

Appellants filed a response on October 9, 2017, but did not provide us with any basis of jurisdiction over this appeal. Instead, Appellants' response argues that this court has mandamus jurisdiction to review the trial court's order. Appellants' petition for writ of mandamus was a separate proceeding and was denied on September 29, 2017. *In re Moses*, No. 02-17-00327-CV, 2017 WL 4341840, at *1 (Tex. App.—Fort Worth Sept. 29. 2017, orig. proceeding) (mem. op.).

Because we do not have jurisdiction over this appeal, we dismiss Appellants' appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001) (stating that generally appeal may be

taken only from final judgment and that judgment is final and appealable if it disposes of all parties and all issues).[2]

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; KERR and PITTMAN, JJ.

DELIVERED:  November 2, 2017

---

[2]Appellants have also filed a Motion to Extend Time to File Notice of Appeal.  This motion is rendered moot by our dismissal of the appeal for want of jurisdiction.